UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PIERRE VOLTAIRE,

        Plaintiff,

vs.                                                                                                             **COMPLAINT**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DETECTIVE
JORGE PEDROZA, SHIELD NO. 1205

                                                            **JURY TRIAL**
                                                            **DEMANDED**

        Defendants
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth Amendment and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was deprived of his constitutional rights when he was arrested without probable cause by New York City Police Department Detective Jorge Pedroza, who had evidence in his possession establishing that Plaintiff was the wrong suspect, and Plaintiff was wrongfully incarcerated close to 36 hours, and wrongfully prosecuted for burglary for almost two weeks, before being cleared by DNA evidence.

1

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action that derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. The plaintiff, Pierre Voltaire, is and was at all relevant times a resident of the City of New York, State of New York. Mr. Voltaire is a citizen of the United States.

6. At all times relevant hereto, defendant Jorge Pedroza, current shield number 1205,

was a police officer/detective of the New York Police Department ("NYPD"), a member of the 34th Precinct's Detective Squad, located in upper Manhattan, and was acting in the capacity of agent, servant, and employee of the City of New York, and within the scope of his employment as such.

7. Defendant City of New York ("the City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, the City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## JURY DEMAND

8. Plaintiff demands trial by jury in this actions.

## FACTUAL ALLEGATIONS

9. On July 28, 2015, a store was burglarized on 207th Street in Manhattan. The victim encountered the burglar and struggled with him, although the burglar eventually got away. The victim called the police, and Detective Jorge Pedroza, of the 34th Precinct in Manhattan, was assigned to investigate the case.

10. Detective Pedroza showed a photo array to the victim, into which he had placed a photograph of Pierre Voltaire. The victim apparently identified Mr. Voltaire's photograph as resembling the burglar he encountered on July 28th.

11. On July 30th, NYPD detectives appeared at Mr. Voltaire's wife's door, looking for him. Shortly thereafter, Mr. Voltaire retained legal counsel. Counsel contacted the NYPD detectives and was told that they wanted Mr. Voltaire to come in to be placed in a physical lineup. Counsel and the NYPD detective agreed for Mr. Voltaire to appear for a lineup at the 34th Precinct on August 25, 2015.

12. On the morning of August 25th, Mr. Voltaire appeared at the precinct with counsel. Detective Pedroza arrived shortly thereafter, and informed counsel that no lineup would take place because the victim was unavailable. However, he stated that based on the photographic identification and surveillance footage of the burglary and burglar, Mr. Voltaire would be arrested, commenting that the surveillance footage established that Mr. Voltaire was the burglar. Detective Pedroza also stated that DNA from the burglar had been recovered from the scene of the crime, and was being tested. According to Detective Pedroza, the results would be available imminently.

13. Mr. Voltaire was arrested and detained. Approximately 36 hours later, Mr. Voltaire was arraigned and charged with robbery and burglary. The assistant district attorney also told the court that Mr. Voltaire was the suspect in other similar burglaries being investigated in the Washington Heights neighborhood of Manhattan. The prosecution asked for $25,000 bail. The court set $15,000 bond or $7500 cash bail, which, fortunately, Mr. Voltaire posted. He was released and ordered to return to court.

14. On September 8, 2015, the District Attorney's Office notified counsel that DNA had cleared Mr. Voltaire in the charged burglary, as well as in the other burglaries it was investigating, and dismissed all charges. The case was dismissed and sealed.

15. In early September 2015, counsel obtained the surveillance tape of the burglary, used by Detective Pedroza to justify arresting Mr. Voltaire without conducting a lineup or waiting for the DNA results. The surveillance footage easily demonstrates that the burglar looks nothing like Mr. Voltaire, a fact that must have been apparent to Detective Pedroza.

16. As a result of defendants' conduct described above, including in falsely arresting, falsely imprisoning, and maliciously prosecuting Mr. Voltaire, Mr. Voltaire suffered serious emotional injury, pain and suffering, emotional distress, mental anguish, humiliation and embarrassment.

17. The arrest, detention and prosecution of Mr. Voltaire lacked probable cause, and were done maliciously, falsely, and in bad faith. Defendant Pedroza acted in wanton and reckless disregard for the rights of Mr. Voltaire.

18. Mr. Voltaire has suffered substantial emotional harm. He was unlawfully imprisoned for approximately 36 hours, faced false charges that could have resulted in lengthy sentences, retained counsel and paid legal fees, and was forced to post bond. He lost time at work, and was eventually laid off as a result of these circumstances.

19. Within ninety days after the dismissal of all charges against Mr. Voltaire, a written notice of claim was served personally at the Comptroller's office at 1 Centre Street, New York, New York.

20. At least thirty days have elapsed since the service of the notice of claim, and

adjustment or payment of the claim has been neglected or refused.

21. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

### FIRST CAUSE OF ACTION
Fourth Amendment – False Arrest
(Against the Officer Defendants)

22. Plaintiff repeats and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

23. By arresting and imprisoning Mr. Voltaire without probable cause, seizing him, searching him, imprisoning him, and failing to take steps to intercede and protect Mr. Voltaire from such treatment, the Officer Defendant deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

24. The Officer Defendant acted under pretense and color of state law and in his individual and official capacity and within the scope of his employment as an NYPD officer. Said acts by the Officer Defendant were beyond the scope of his jurisdiction, without authority of law, and in abuse of his powers, and said Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

25. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
Fourth Amendment – Malicious Prosecution
(Against the Officer Defendants)

26. Plaintiff repeats and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

27. The Officer Defendant maliciously commenced criminal proceedings against Plaintiff, charging him with robbery and burglary counts. Moreover, the Officer Defendant maliciously continued with criminal proceedings against Plaintiff in state court, where he was falsely charged with robbery in the second degree in violation of P.L. § 16.10(1), and burglary in the third degree in violation of P.L. § 140.20.

28. The Officer Defendant charged Plaintiff with these crimes falsely, maliciously, in bad faith, and without probable cause.

29. Approximately two weeks after this malicious prosecution was commenced, all charges against Plaintiff were dismissed by the District Attorney's Office.

30. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Malicious Prosecution
(Against Officer Defendants and the City of New York)

31. Plaintiff repeats and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

32. The Officer Defendant maliciously commenced criminal proceedings against Plaintiff, charging him with robbery and burglary counts. Moreover, the Officer Defendant maliciously continued with criminal proceedings against Plaintiff in state court, where he was falsely charged with robbery in the second degree in violation of P.L. § 16.10(1), and burglary in the third degree in violation of P.L. § 140.20.

33. The Officer Defendant charged Plaintiff with these crimes falsely, maliciously, in bad faith, and without probable cause.

34. Approximately two weeks after this malicious prosecution was commenced, all charges against Plaintiff were dismissed by the District Attorney's Office.

35. Defendant City, as employer of Officer Defendant, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

36. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged.

### FOURTH CAUSE OF ACTION
Negligent Hiring and Retention of
Employment Services
(Against the City)

37. Plaintiff repeats and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

38. The City, through the NYPD, owed a duty of care to Plaintiff to prevent the mental and emotional abuse sustained by Plaintiff. The Officer Defendant was unfit and incompetent for his positions as police officer/detective.

39. Upon information and belief, the City knew or should have known through the

exercise of reasonable diligence that the Officer Defendant was unfit.

40. Upon information and belief, the City's negligence in hiring and retaining the Officer Defendant proximately caused Plaintiff's damages.

41. Upon information and belief, because of the City's negligent hiring and retention of the Officer Defendant, Plaintiff incurred significant and lasting mental and emotional injuries.

WHEREFORE, Plaintiff respectfully request judgment against Defendants as follows:

That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of $250,000, against the individual defendant and the City of New York, jointly and severally, together with interest and costs;

Punitive damages in the sum of $250,000 against the individual defendant, jointly and severally;

Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

And such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 27, 2016

FLORIAN MIEDEL, ESQ. (FM 5968)

MIEDEL & MYSLIWIEC LLP
111 Broadway, Suite 1401
New York, New York 10006
(212) 616-3042

*Attorney for Plaintiff*

9